UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TAUREAN STEPHENS,<br><br>    Plaintiff,<br><br>vs.<br><br>SWIFT TRANSPORTATION CO.<br>OF ARIZONA, LLC A/K/A SWIFT<br>TRANSPORTATION COMPANY,<br>and WHV TRANSPORTATION LLC,<br><br>    Defendants. | CIVIL ACTION<br>FILE NO.: 1:22-CV-01403-JPB |

## FIRST AMENDED COMPLAINT FOR DAMAGES

Plaintiff Taurean Stephens files this First Amended Complaint against Defendant Swift Transportation Co. of Arizona, LLC a/k/a Swift Transportation Company and WHV Transportation LLC (hereafter collectively "Defendants"), and shows this Court as follows:

**PARTIES, JURISDICTION, AND VENUE**

1.

Plaintiff Taurean Stephens (hereafter "Plaintiff") is a resident of, citizen of, and is domiciled in Fulton County, Georgia.

2.

Defendant Swift Transportation Co. of Arizona, LLC a/k/a Swift

Transportation Company ("Swift") is a Delaware Foreign Limited Liability Company with its principal place of business located at 2200 S. 75th Avenue, Phoenix, Arizona, 85043. Accordingly, Swift is a citizen of Delaware and Arizona for jurisdictional purposes. Defendant Swift's registered agent for service of process is Corporate Creations Network Inc., 2985 Gordy Parkway, 1st Floor, Marietta, Georgia, 30066. When said agent is served with copies of the Summons and Complaint in this matter, Defendant Swift will be subject to the jurisdiction and venue of this Court. Defendant Swift has been properly served.

3.

Defendant WHV Transportation LLC ("WHV Transportation") is an Ohio Limited Liability Company with its principal place of business located at 10921 Reed Hartman Hwy Suite 104A, Cincinnati, Ohio 45242. Accordingly, WHV Transportation is a citizen of Ohio for jurisdictional purposes. Defendant WHV Transportation's registered agent for service of process is Sanjar Anvarov, 10921 Reed Hartman Hwy Suite 104A, Cincinnati, Ohio 45242. When said agent is served with copies of the Summons and Complaint in this matter, Defendant WHV Transportation will be subject to the jurisdiction and venue of this Court. Defendant WHV Transportation has been properly served.

4.

There is complete diversity of citizenship between the Plaintiff (Georgia), the

Swift (Delaware and Arizona), and WHV Transportation (Ohio), and the amount in controversy exceeds $75,000 exclusive of interest and costs, so this Court has subject matter jurisdiction over this case via diversity of citizenship jurisdiction under 28 U.S.C. § 1332(a)(1).

5.

Venue is proper pursuant to 28 U.S.C. § 1391.

## BACKGROUND, FACTS, AND THE INCIDENT

6.

On November 30, 2021, at or around 6:42 p.m., Plaintiff Taurean Stephens was riding as a passenger in a dump truck traveling on I-285 southbound, north of Paces Ferry Road.

7.

At that same time, and before that time, an unidentified agent or employee of Defendants, operated a tractor-trailer that was owned and/or controlled by Defendants for use on public highways.

8.

While Plaintiff was traveling in the second lane from the right shoulder, Defendants' agent or employee failed to maintain his lane, forcefully striking his tractor-trailer into the passenger side of the dump truck Plaintiff was riding in. Rather than stop and take responsibility for his actions, Defendants' agent or

employee wantonly left the scene of the accident and continued traveling on I-285.

9.

Prior to and on November 30, 2021, Defendants failed to exercise reasonable care for the safety of others who might be affected by its actions and allowed the negligent operation of the above-mentioned tractor-trailer while both the vehicle and its driver were in violation of legally mandated minimum safety requirements and violated multiple Federal laws, Georgia laws, regulations, and rules of the road.

10.

On November 30, 2021, said violations caused the dump truck Plaintiff was riding in to be forcefully struck by Defendants' tractor-trailer. The negligent operation of Defendants' vehicle proximately caused serious injuries to Plaintiff.

11.

At all times relevant hereto, Defendants were negligently supervising the operation of its tractor-trailer, which resulted in the above-described incident and proximately caused serious injuries to Plaintiff.

12.

Defendants are liable under the doctrine of *respondeat superior* for the harm caused to Plaintiff by the wrongful acts of its employee, who was acting in the scope and course of his employment with Defendants and during the actual

transaction of Defendants' business when he caused the subject incident, proximately causing Plaintiff to suffer injuries, general damages, and special damages.

13.

Defendants are liable to Plaintiff because it negligently entrusted its tractor-trailer to its agent or employee even though he was not properly suited to drive the vehicle, proximately causing injuries to Plaintiff, and because Defendants failed to properly hire, train, retain, and supervise its employee so that he would not cause harm to persons such as Plaintiff, proximately causing injuries and damages to Plaintiff.

14.

Defendants are negligent *per se* because (1) its acts and/or the acts of its employees were in violation of Federal laws and regulations and Georgia laws and regulations regarding the use and operation of motor vehicles and commercial motor vehicles, (2) the laws were designed to prevent the type of collision and injuries involved in the subject litigation, (3) Plaintiff is a member of the class intended to be protected by said laws, and (4) the violation of said laws proximately caused Plaintiff's injuries.

15.

Defendants knew or should have known that operating its tractor-trailer on a

Georgia State Highway while its driver was not properly suited to operate it would result in harm to the individuals who would be affected by the operation of said vehicle.

16.

Defendants knew or should have known that their failure to properly hire, train, retain, and supervise its employees so that they would not cause harm to persons such as Plaintiff would result in harm to individuals who would be affected by said employees, yet Defendants still failed to properly hire, train, retain, and supervise their employees, including, but not limited to, the unidentified agent or employee involved in this accident.

17.

At all times relevant hereto, Defendants were operating the subject tractor-trailer as a motor carrier pursuant to O.C.G.A. § 40-1-50 and 40-1-100 *et seq.*, as well as other applicable laws.

**INJURIES AND DAMAGES**

18.

As a result of Defendants' negligence and negligence *per se*, Plaintiff sustained personal injuries, special damages, and general damages for which Plaintiff is entitled to be compensated by Defendants.

19.

As a direct and proximate result of Defendants' negligence and negligence *per se*, Plaintiff has incurred medical expenses in excess of $60,000, the exact amount to be proven at trial.

20.

As a direct and proximate result of Defendants' negligence and negligence *per se*, Plaintiff has incurred lost wages in excess of $10,000, the exact amount to be proven at trial.

21.

As a result of said injuries, Plaintiff has sustained long-term and potentially permanent impairment, disability, and disfigurement.

22.

As a direct and proximate result of Defendants' negligence and negligence *per se*, Plaintiff will continue to suffer both general and special damages in the future, including expenses for future medical treatment, the exact amount to be proven at trial.

23.

Defendants have acted in bad faith, has been stubbornly litigious, and have caused Plaintiff unnecessary trouble and expense by forcing Plaintiff to resort to the

use of the court system in order to resolve Plaintiff's claims when there is no bona fide controversy. Accordingly, Plaintiff seeks attorney's fees and expenses of litigation pursuant to O.C.G.A. § 13-6-11.

24.

There is clear and convincing evidence that Defendants acted with such willful, wanton, conscious, and reckless indifference, which demonstrated an entire wanton of care for property and the safety and well-being of victims like Plaintiff and others so as to evidence a conscious indifference to the consequences of its acts, which included an extreme degree of risk. These actions demand and warrant an award of punitive damages against Defendants that will punish it for the harm they have caused and that will deter them from similar future misconduct.

**PRAYER FOR RELIEF**

25.

Plaintiff prays for the following relief:

(a) That Plaintiff recovers all legally compensable damages in excess of $75,000.00 that were inflicted by Defendants, which Plaintiff suffered in the past and will continue to suffer in the future, including but not limited to, compensation for physical pain, emotional distress, mental anguish, disfigurement, physical impairment, lost wages, lost earning capacity, pecuniary loss, loss of companionship and society, medical expenses,

- 9 -

property damage, and any additional damages;

(b) That punitive damages be awarded against Defendants in an amount sufficient to punish it for the harm caused by its dangerous conduct, and to deter it from similar future misconduct;

(c) That Plaintiff recovers pre-judgment and post-judgment interest as allowed by applicable law;

(d) That Plaintiff recovers Plaintiff's costs of suit;

(e) That Defendants pay Plaintiff's attorneys' fees and expenses of litigation;

(f) That Plaintiff has a trial by jury; and

(g) For such other and further relief as the Court deems just and proper.

Respectfully submitted this ___ day of _____, 2022.

/s/ *James Z. Foster*
James Z. Foster
Georgia Bar No. 756038

**FOSTER Law LLC**
1201 West Peachtree St, NW
Suite 2300
Atlanta, GA 30309
Telephone: (404) 800-0050
Facsimile: (404) 493-2322
Email:  james@foster-law.com

- 10 -

## **CERTIFICATION**

The undersigned counsel hereby certifies that this pleading complies with the Local Rules of this Court, including Local Rules 5.1.C and 7.1.D (N.D. Ga.).

/s/ *James Z. Foster*
James Z. Foster
Georgia Bar No. 756038

*Counsel for Taurean Stephens*