UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TAUREAN STEPHENS,<br><br>Plaintiff,<br><br>vs.<br><br>WHV TRANSPORTATION LLC,<br><br>Defendants. | Civil Action<br>File No.: 1:22-CV-01403-JPB |

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

**1.  Description of Case:**

**(a)  Describe briefly the nature of this action**.

Plaintiff Taurean Stephens ("Plaintiff") seeks damages for claimed injuries arising out of a November 30, 2021 hit-and-run motor vehicle accident on I-285 in Cobb County, Georgia.

WHV Transportation, LLC denies any involvement in the subject hit-and-run and denies all negligence allegations against WHV Transportation, LLC.

**(b)     Summarize, in the space provided below, the facts of this case.  The summary should not be argumentative nor recite evidence.**

**For Plaintiff**:

On November 30, 2021, at or around 6:42 p.m., Plaintiff Taurean Stephens was riding as a passenger in a dump truck traveling on I-285 southbound, north of Paces Ferry Road. A tractor-trailer bearing the name SWIFT suddenly and without warning crossed into the lane in which he was travelling and struck the dump truck, causing him to sustain serious injuries. Rather than stop and take responsibility for his actions, the driver of the tractor-trailer fled the scene. Plaintiff filed this lawsuit to recover all damages arising from this incident.

**For WHV Transportation, LLC**:

On or about November 30, 2021, Plaintiff was a passenger in a dump truck traveling south on Interstate 285, north of Paces Ferry Road, in Cobb County, Georgia. During this time, Plaintiff contends an unidentified individual driving a tractor-trailer collided with the passenger side of the dump truck she was riding in and left the scene of the accident before police arrived. Plaintiff claims the unidentified driver of the tractor-trailer was an agent or employee of WHV Transportation, LLC and that the

tractor-trailer was owned and/or controlled by WHV Transportation, LLC. WHV Transportation, LLC denies all of Plaintiff's allegations.

**(c)     The legal issues to be tried are as follows:**

**By Plaintiff**:

Negligence (duty and breach), causation, damages

**By WHV Transportation, LLC**:

Negligence (Duty and Breach), Causation, and Damages.

**(d)     The cases listed below (include both style and action number) are:**

(1)     **Pending Related Cases:** None.

(2)     **Previously Adjudicated Related Cases:**  None.

**2.     This case is complex because it possesses one or more of the features listed below (please check):** It requires extend discovery due to the liability issues and likelihood of the addition of more defendants to this action. Additionally, parties are out of state and depositions will need to take place out of state.

\_\_\_ (1)     Unusually large number of parties

\_\_\_ (2)     Unusually large number of claims or defenses

\_\_\_ (3)	Factual issues are exceptionally complex

\_\_\_ (4)	Greater than normal volume of evidence

_X_ (5)	Extended discovery period is needed

_X__ (6)	Problems locating or preserving evidence

\_\_\_ (7)	Pending parallel investigations or action by government

\_\_\_ (8)	Multiple use of experts

\_\_\_ (9)	Need for discovery outside United States boundaries

\_\_\_ (10)	Existence of highly technical issues and proof

\_\_\_ (11)	Unusually complex discovery of electronically stored information

3.  **Counsel:**

    **The following individually-named attorneys are hereby designated as lead counsel for the parties:**

    **Plaintiff**:

    > Eric Funt (Lead Counsel)
    > Daryl Champion
    > The Champion Firm
    > 445 Franklin Gateway SE, Suite 100
    > Marietta, GA 30067
    > eric@thechampionfirm.com

      **WHV Transportation LLC**:

          Melissa C. Greene (Lead Counsel)
          Amelia K. Ortiz
          Copeland, Stair, Valz & Lovell, LLP
          191 Peachtree Street, N.E., Suite 3600
          P. O. Box 56887 (30343-0887)
          Atlanta, Georgia 30303-1740
          Telephone (404) 522-8220
          Facsimile (404) 523-2345
          mgreene@csvl.law
          aortiz@csvl.law

**4.**     **Jurisdiction:**

**Is there any question regarding this Court's jurisdiction?**

      ( ) Yes     (X) No

**5.**     **Parties to This Action:**

**(a)**     **The following persons are necessary parties who have not been joined:**

**For the Plaintiff:**

Plaintiff believes that Swift Transportation Co. of Arizona a/k/a Swift Transportation Company and Amerisure Insurance Company may be necessary parties

to this litigation. Plaintiff is actively investigating this issue and intends to file a motion to amend complaint soon.

**For WHV Transportation, LLC:**

Upon information and belief, Swift Transportation Co. of Arizona a/k/a Swift Transportation Company.

**(b)    The following persons are improperly joined as parties:** None known at this time.

**(c)    The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:** None known at this time.

**(d)    The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.**

**6.    Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Rule 15, Federal Rules of Civil Procedure. (Fed. R.

Civ. P. 15). Further instructions regarding amendments are contained in Local Rule 15.

**(a)  List separately any amendments to the pleadings which the parties anticipate will be necessary:**

Plaintiff intends to add Swift Transportation Co. of Arizona a/k/a Swift Transportation Company as a party to this matter.

**(b)  Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the preliminary planning report is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.**

**7.  Filing Times for Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed **WITHIN THIRTY (30) DAYS** after the preliminary planning report is filed or should have been filed, unless the filing party has obtained prior permission of the Court to file later. Local Rule 7.1A(2).

(a)  *Motions to Compel*:  before the close of discovery or within the extension period allowed in some instances.  Local Rule 37.1.

(b) *Summary Judgment Motions*: within thirty (30) days after the close of discovery, unless otherwise permitted by Court order. Local Rule 56.1.

(c) *Other Limited Motions*: Refer to Local Rules 7.2, 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d) *Motions Objecting to Expert Testimony*: <u>Daubert</u> motions with regard to expert testimony shall be filed no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

8. **Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed. R. Civ. P. 26(a)(1)(B).

No objections.

9. **Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

Not at this time.

**10.    Discovery Period:**

The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint. As stated in Local Rule 26.1A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-months discovery period, (b) four (4)-months discovery period, and (c) eight (8)-months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

**Please state below the subjects on which discovery may be needed.**

**For Plaintiff**: The facts of the incident, identity of the tractor-trailer owner and driver, business practices and policies and procedures of the entities that owned and operated the tractor-trailer and employed the driver, the hiring, training and supervision of the driver, and the nature and extent of Plaintiff's injuries.

**For Defendant WHV Transportation, LLC**: The facts of the incident, identity of the tractor-trailer owner and driver, and the nature and extent of Plaintiff's injuries.

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery, please state those reasons in detail below:**

The Parties request an eight month discovery track due to the liability issues involved and out of state depositions which will need to take place.

**11.    Discovery Limitation:**

**(a)    What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?**

None at this time.

**(b)    Is any party seeking discovery of electronically stored information?**

Yes.

**If "yes"**

**(1)    The parties have discussed the sources and scope of production of electronically stored information and have agreed to limit the scope of**

production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

Yes.

**(2)    The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion of metadata, and have agreed as follows:**

The format for the production of electronically stored information will be Portable Document Format (PDF).

**In the absence of agreement on issue regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.**

**12.    Other Orders:**

**What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?**

None at this time.

**13.   Settlement Potential:**

(a)   Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on January 20, 2023. Due to the nature of the case and lack of evidence of WHV Transportation, LLC's involvement in this subject action, they did not discuss settlement but instead discussed evidence obtained to-date and necessity of additional parties to be added to this action.

**For Plaintiff**:

Lead counsel (signature): /s/ _Eric Funt____

Eric Funt, Esq.

**For Defendant WHV Transportation, LLC**:

Lead counsel (signature): /s/ *Melissa C. Greene*

Melissa C. Greene, Esq.

(b)   All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

(___)   A possibility of settlement before discovery.

(__)     A possibility of settlement after discovery.

(__)     A possibility of settlement, but a conference with the Judge is needed.

(X)      No possibility of settlement.

(c)     Counsel (_) do or (X) do not intend to hold additional settlement conferences among themselves prior to the close of discovery.

(d)     The following specific problems have created a hindrance to settlement of this case.

Investigation into the liable party and whether WHV Transportation, LLC is a proper defendant in this case.

**14.   Trial by Magistrate Judge:**

Note:  Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a)     The parties (__) do consent to having this case tried before a magistrate judge of this Court.

(b)     The parties (X) do not consent to having this case tried before a magistrate judge of this Court.

Respectfully submitted this 3rd day of February, 2023.

| | |
|---|---|
| /s/  Eric Funt<br>Eric Funt<br>Daryl Champion<br>The Champion Firm<br>445 Franklin Gateway SE, Suite 100<br>Marietta, GA 30067<br>eric@thechampionfirm.com<br><br>Attorneys for Plaintiff | /s/ Melissa C. Greene<br>MELISSA C. GREENE<br>State Bar No. 580723<br>Amelia K. Ortiz<br>State Bar No.: 654052<br><br>Copeland, Stair, Valz & Lovell, LLP<br>One Ninety One Peachtree Tower<br>191 Peachtree Street, NE, Suite 3600<br>Atlanta, Georgia  30303<br>mgreene@csvl.law<br>aortiz@csvl.law<br>T: 404-522-8220<br>F: 404-523-2345<br><br>Attorneys for Defendant WHV Transportation, LLC |

*************

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TAUREAN STEPHENS,<br><br>    Plaintiff,<br><br>vs.<br><br>SWIFT TRANSPORTATION CO. OF ARIZONA, LLC A/K/A SWIFT TRANSPORTATION COMPANY, and WHV TRANSPORTATION LLC,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action<br>) File No.: 1:22-CV-01403-JPB<br>)<br>)<br>)<br>)<br>)<br>) |

## **SCHEDULING ORDER**

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

_____

_____

_____

IT IS SO ORDERED, this _____ day of _____, 2023.

_____

J.P. BOULEE

UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TAUREAN STEPHENS<br><br>　　　Plaintiff,<br><br>vs.<br><br>SWIFT TRANSPORTATION CO. OF ARIZONA, LLC A/K/A SWIFT TRANSPORTATION COMPANY, and WHV TRANSPORTATION LLC,<br><br>　　　Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )<br><br>Civil Action<br>File No.:  1:22-CV-01403-JPB |

## **CERTIFICATE OF COMPLIANCE**

The foregoing JOINT PRELIMINARY REPORT AND DISCOVERY PLAN is double spaced in 14 point Times New Roman font and complies with the type-volume limitation set forth in Local Rule 7.1.

　　　　　　　　　　　　　　　　/s/ Melissa C. Greene
　　　　　　　　　　　　　　　MELISSA C. GREENE, ESQ.
　　　　　　　　　　　　　　　GA State Bar No.:  580723
　　　　　　　　　　　　　　　mgreene@csvl.law

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TAUREAN STEPHENS, <br><br> Plaintiff, <br><br> vs. <br><br> SWIFT TRANSPORTATION CO. OF ARIZONA, LLC A/K/A SWIFT TRANSPORTATION COMPANY, and WHV TRANSPORTATION LLC, <br><br> Defendants. | Civil Action <br> File No.: 1:22-CV-01403-JPB |

# **CERTIFICATE OF SERVICE**

This is to certify that on this date I electronically filed this JOINT PRELIMINARY REPORT AND DISCOVERY PLAN with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

Eric Funt<br>
Daryl Champion<br>
The Champion Firm<br>
445 Franklin Gateway SE, Suite 100<br>
Marietta, GA 30067<br>
eric@thechampionfirm.com

This 3rd day of February, 2023.

                                        Respectfully submitted,

                                    By:    */s/ Melissa C. Greene*

| | |
|---|---|
| Copeland, Stair, Valz & Lovell, LLP | MELISSA C. GREENE |
| 191 Peachtree Street, N.E., Suite 3600 | Georgia State Bar No. 580723 |
| P. O. Box 56887 (30343-0887) | AMELIA K. ORTIZ |
| Atlanta, Georgia 30303-1740 | Georgia State Bar No. 654052 |
| Telephone (404) 522-8220 | |
| Facsimile (404) 523-2345 | *Attorneys for Defendant WHV* |
| mgreene@csvl.law | *Transportation, LLC* |
| aortiz@csvl.law | |

2132-0038/Doc ID # 4633257