**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| TAUREAN STEPHENS, | |
| Plaintiff, | |
| v. | Civil Action File No. 1:22-CV-01403-JPB |
| SWIFT TRANSPORTATION CO. OF ARIZONA, LLC. A/K/A SWIFT TRANSPORTATION COMPANY, and WHV TRANSPORTATION, LLC. | |
| Defendants. | |

**ANSWER, DEFENSES, AND CROSS-CLAIM OF UN-NAMED DEFENDANT AMERISURE INSURANCE COMPANY TO PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES**

**COMES NOW** Amerisure Insurance Company (hereinafter "Amerisure") which has been served as an un-named Defendant in the above styled action, apparently under the theory that the named Defendants are an uninsured or underinsured motorist under O.C.G.A. § 33-7-11, et Seq., and files this, its Answer and Defenses to Plaintiff's First Amended Complaint, showing this Court as follows:

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted against Amerisure.

## SECOND DEFENSE

Plaintiff's recovery is barred against Amerisure to the extent that the named Defendants are not uninsured or underinsured as contemplated by O.C.G.A. § 33-7-11, et. seq.

## THIRD DEFENSE

To the extent that Plaintiff's alleged damages were caused by Plaintiff's assumption of the risk, Plaintiff's recovery is barred.

## FOURTH DEFENSE

To the extent that the evidence shows Plaintiff's alleged damages were caused by the contributory and comparative negligence of Plaintiff, Plaintiff's recovery is barred or should be reduced by the proportion of his negligence.

## FIFTH DEFENSE

Amerisure is entitled to a set-off for any amount it pays Plaintiff or for any amount any other entity paid to Plaintiff as a result of the alleged incident that forms the basis of Plaintiff's Complaint.

## SIXTH DEFENSE

Amerisure reserves the right to plead and prove such other defenses as may become known to it during the course of its investigation and discovery.

## SEVENTH DEFENSE

For a Seventh Defense, Amerisure responds to the numbered Paragraphs of the Complaint as follows:

## PARTIES, JURISDICTION, AND VENUE

### 1.

Amerisure is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiff's Complaint and, accordingly, cannot admit or deny the same.

### 2.

Amerisure is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of Plaintiff's Complaint and, accordingly, cannot admit or deny the same.

### 3.

Amerisure is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of Plaintiff's Complaint and, accordingly, cannot admit or deny the same.

**4.**

Amerisure is without knowledge or information sufficient to form a belief as

to the truth of the allegations contained in Paragraph 4 of Plaintiff's Complaint

and, accordingly, cannot admit or deny the same.

**5.**

Amerisure is without knowledge or information sufficient to form a belief as

to the truth of the allegations contained in Paragraph 5 of Plaintiff's Complaint

and, accordingly, cannot admit or deny the same.

**5. [sic]**

Amerisure is without knowledge or information sufficient to form a belief as

to the truth of the allegations contacted in the second paragraph labeled as "5." In

Plaintiff's Complaint. This Paragraph alleges that venue is proper pursuant to 28

U.S.C. §1391.

**<u>FACTS</u>**

**6.**

Amerisure is without knowledge or information sufficient to form a belief as

to the truth of the allegations contained in Paragraph 6 of Plaintiff's Complaint

and, accordingly, cannot admit or deny the same.

**7.**

Amerisure is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of Plaintiff's Complaint and, accordingly, cannot admit or deny the same.

**8.**

Amerisure is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of Plaintiff's Complaint and, accordingly, cannot admit or deny the same.

**9.**

Amerisure is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of Plaintiff's Complaint and, accordingly, cannot admit or deny the same.

**10.**

Amerisure is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of Plaintiff's Complaint and, accordingly, cannot admit or deny the same.

**11.**

Amerisure is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of Plaintiff's Complaint and, accordingly, cannot admit or deny the same.

**12.**

Amerisure is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of Plaintiff's Complaint and, accordingly, cannot admit or deny the same.

**13.**

Amerisure is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of Plaintiff's Complaint and, accordingly, cannot admit or deny the same.

**14.**

Amerisure is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of Plaintiff's Complaint and, accordingly, cannot admit or deny the same.

**15.**

Amerisure is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of Plaintiff's Complaint and, accordingly, cannot admit or deny the same.

**16.**

Amerisure is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of Plaintiff's Complaint and, accordingly, cannot admit or deny the same.

**17.**

Amerisure is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of Plaintiff's Complaint and, accordingly, cannot admit or deny the same.

## INJURIES AND DAMAGES

**18.**

Amerisure is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of Plaintiff's Complaint and, accordingly, cannot admit or deny the same.

**19.**

Amerisure is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of Plaintiff's Complaint and, accordingly, cannot admit or deny the same.

**20.**

Amerisure is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of Plaintiff's Complaint and, accordingly, cannot admit or deny the same.

**21.**

Amerisure is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of Plaintiff's Complaint and, accordingly, cannot admit or deny the same.

**22.**

Amerisure is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of Plaintiff's Complaint and, accordingly, cannot admit or deny the same.

**23.**

Amerisure is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of Plaintiff's Complaint and, accordingly, cannot admit or deny the same.

**24.**

Amerisure is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of Plaintiff's Complaint and, accordingly, cannot admit or deny the same. Amerisure denies that it is liable to Plaintiff for punitive damages under any theory.

**PRAYER FOR RELIEF**

**25.**

Amerisure is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of Plaintiff's Complaint and, accordingly, cannot admit or deny the same.

WHEREFORE, having full answered Plaintiff's Complaint, Amerisure demands judgment in its favor and that it be discharged from this civil action.

## CROSS CLAIM

**1.**

The named Defendants are subject to the jurisdiction of this Court.

**2.**

The named Defendants are liable to Amerisure for any and all sums

Amerisure may be required to pay to Plaintiff, by judgment, settlement, or

otherwise, pursuant to O.C.G.A. § 33-7-11.


This 30th day of May, 2023.

Respectfully submitted,
**SWIFT, CURRIE, McGHEE & HIERS, LLP**

*/s/ Timothy J. Peacock*

By: _____

JANIE HAGOOD, ESQ.
State Bar No.: 616570
TIMOTHY J. PEACOCK, ESQ.
State Bar No.: 175870
**Swift, Currie, McGhee & Hiers, LLP**
1420 Peachtree Street NE, Suite 800
Atlanta, Georgia 30309
(404) 874-8800 Phone / (404) 888-6199 Fax
*janie.hagood@swiftcurrie.com*
*tim.peacock@swiftcurrie.com*
***Attorneys for Un-Named Defendant Amerisure
Insurance Company***

9

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| TAUREAN STEPHENS, | |
| Plaintiff, | |
| v. | Civil Action File No. 1:22-CV-01403-JPB |
| SWIFT TRANSPORTATION CO. OF ARIZONA, LLC. A/K/A SWIFT TRANSPORTATION COMPANY, and WHV TRANSPORTATION, LLC. | |
| Defendants. | |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing **Initial Disclosures of Defendants** upon all parties to this matter by filing same with the Clerk of Court using the CM/ECF (Pacer) system, which will send an electronic copy to counsel of record as follows:

Eric B. Funt
The Champion Firm
445 Franklin Gateway SE
Suite 100
Marietta, Georgia 30067
*Attorney for Plaintiff*

Matthew P. Stone, Esq
Shawn Kalfus, Esq
Sheetal M. Brahmbhatt, Esq
Stone Kalfus, LLP

One Midtown Plaza
1360 Peachtree Street NE
Suite 1250
Atlanta, Georgia, 30309
*Attorneys for Swift Transportation Co. of Arizona*

Melissa C. Greene, Esq.
Amelia K. Ortiz, Esq.
*Copeland, Stair, Valz & Lovell, LLP*
191 Peachtree Street NE
Suite 3600
Atlanta, Georgia 30303-1740
*Attorneys for Defendant WHV Transportation, LLC*

This 30th day of May, 2023.

By: */s/ Timothy J. Peacock*
_____
TIMOTHY J. PEACOCK, ESQ.
State Bar No.: 175870
**Swift, Currie, McGhee & Hiers, LLP**

# CERTIFICATION

The undersigned counsel hereby certifies that this pleading complies with the Local

Rules of this Court, including Local Rules 5.1.C and 7.1.D (N.D. Ga.).

This 30th day of May, 2023.

By: */s/ Timothy J. Peacock*
_____
TIMOTHY J. PEACOCK, ESQ.
State Bar No.: 175870
**Swift, Currie, McGhee & Hiers, LLP**

4857-3818-2759, v. 1