UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TAUREAN STEPHENS<br><br>    Plaintiff,<br><br>vs.<br><br>SWIFT TRANSPORTATION CO. OF ARIZONA, LLC a/k/a SWIFT TRANSPORTATION COMPANY, WHV TRANSPORTATION, LLC, and JOHN DOE.<br><br>    Defendants. | Civil Action<br>File No.: 1:22-CV-01403-JPB |

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

**1.  Description of Case:**

**(a)  Describe briefly the nature of this action.**

Plaintiff Taurean Stephens ("Plaintiff") seeks damages for claimed injuries arising out of a November 30, 2021 hit-and-run motor vehicle accident on I-285 in Cobb County, Georgia.

The Defendants WHV Transportation, LLC and Swift Transportation Co. of Arizona, LLC deny any involvement in the subject hit-and-run and deny all

negligence allegations against them. Amerisure Insurance Company, the Uninsured Motor Carrier, further denies any obligation to Mr. Stephens at this time.

**(b)     Summarize, in the space provided below, the facts of this case.  The summary should not be argumentative nor recite evidence.**

**For Plaintiff**:

On November 30, 2021, at or around 6:42 p.m., Plaintiff Taurean Stephens was riding as a passenger in a dump truck traveling on I-285 southbound, north of Paces Ferry Road. A tractor-trailer bearing the name SWIFT suddenly and without warning crossed into the lane in which he was travelling and struck the dump truck, causing him to sustain serious injuries. Rather than stop and take responsibility for his actions, the driver of the tractor-trailer fled the scene. Plaintiff filed this lawsuit to recover all damages arising from this incident.

**For WHV Transportation, LLC**:

On or about November 30, 2021, Plaintiff was a passenger in a dump truck traveling south on Interstate 285, north of Paces Ferry Road, in Cobb County, Georgia. During this time, Plaintiff contends an unidentified individual driving a tractor-trailer collided with the passenger side of the dump truck she was riding in and left the scene

of the accident before police arrived. Plaintiff claims the unidentified driver of the tractor-trailer was an agent or employee of WHV Transportation, LLC and that the tractor-trailer was owned and/or controlled by WHV Transportation, LLC. WHV Transportation, LLC denies all of Plaintiff's allegations.

**For Swift Transportation:**

On or about November 30, 2021, Plaintiff was a passenger in a dump truck traveling south on Interstate 285, north of Paces Ferry Road, in Cobb County, Georgia. An unidentified individual driving a tractor-trailer collided with the passenger side of the dump truck and left the scene of the accident before police arrived.

**(c)    The legal issues to be tried are as follows:**

Negligence (duty and breach), causation, damages

Whether the at-fault driver was an employee or agent of Defendants Swift and/or WHV.

Whether the at-fault driver was in the course and scope of his agency or employment with Defendants Swift and/or WHV at the time of the crash.

Whether Swift was negligent in the incident that caused the crash.

Whether the Swift trailer was being pulled by the unidentified driver with Defendants Swift's and/or WHV's express or implied authority.

Whether Defendants Swift and/or WHV were negligent in hiring, training, supervising, and/or retaining the at-fault driver.

Whether Defendants Swift and/or WHV have acted in bad faith, have been stubbornly litigious, or have caused the plaintiff unnecessary trouble and expense, such that Defendants are liable for Plaintiff's attorneys' fees under O.C.G.A. § 13-6-11.

Whether, by clear and convincing evidence, Defendants Swift and/or WHV demonstrated such an entire want of care as to raise the presumption of conscious indifference to the consequences, rendering it liable for punitive damages.

Whether the UM Carrier Amerisure is liable to Plaintiff for his damages.

**(d)   The cases listed below (include both style and action number) are:**

(1)   **Pending Related Cases:** None.

(2)   **Previously Adjudicated Related Cases:**  None.

**2.   This case is complex because it possesses one or more of the features listed below (please check):** It requires extended discovery due to the liability issues; the involvement of two defendants and a UM Carrier; and the need to conduct non-party discovery. Additionally, parties are out of state and depositions will need to take place out of state.  In addition, Defendant WHV is no longer in operation, potentially frustrating its ability to provide discovery.

    ___ (1)      Unusually large number of parties

    ___ (2)      Unusually large number of claims or defenses

    ___ (3)      Factual issues are exceptionally complex

    ___ (4)      Greater than normal volume of evidence

    _X_ (5)      Extended discovery period is needed

    _X__ (6)      Problems locating or preserving evidence

    ___ (7)      Pending parallel investigations or action by government

    _X__ (8)      Multiple use of experts

    ___ (9)      Need for discovery outside United States boundaries

    __X_ (10)      Existence of highly technical issues and proof

    ___ (11)      Unusually complex discovery of electronically stored information

**3.**    **Counsel:**

**The following individually-named attorneys are hereby designated as lead counsel for the parties:**

    **Plaintiff**:

    Eric Funt (Lead Counsel)
    Daryl Champion
    The Champion Firm
    445 Franklin Gateway SE, Suite 100
    Marietta, GA 30067
    eric@thechampionfirm.com

**WHV Transportation LLC**:

    Melissa C. Greene (Lead Counsel)
    Amelia K. Ortiz
    Copeland, Stair, Valz & Lovell, LLP
    191 Peachtree Street, N.E., Suite 3600
    P. O. Box 56887 (30343-0887)
    Atlanta, Georgia 30303-1740
    Telephone (404) 522-8220
    Facsimile (404) 523-2345
    mgreene@csvl.law
    aortiz@csvl.law

**Swift Transportation:**

    Matthew P. Stone (Lead Counsel)
    Georgia Bar No. 684513
    Sheetal Brahmbhatt
    Georgia Bar No. 142065
    Stone Kalfus LLP
    One Midtown Plaza
    1360 Peachtree Street NE
    Suite 1250
    Atlanta, GA 30309
    Phone: (404) 736-2600
    matt.stone@stonekalfus.com
    sheetal.brahmbhatt@stonekalfus.com

**Amerisure Insurance Company:**

>Janie E. Hagood
>Ga. Bar No. 616570
>Timothy J. Peacock
>Ga. Bar No. 175870
>Swift Currie McGhee & Hiers, LLP
>1420 Peachtree Street NE
>Suite 800
>Atlanta, Georgia 30309
>(404) 874-8800 Phone
>(404) 888-6199 Fax
>Email: janie.hagood@swiftcurrie.com
>Email: tim.peacock@swiftcurrie.com

**4.	Jurisdiction:**

**Is there any question regarding this Court's jurisdiction?**

>(_) Yes     (X) No

**5.	Parties to This Action:**

(a)	**The following persons are necessary parties who have not been joined:**

None

(b)	**The following persons are improperly joined as parties:** Swift alleges its agent or employee was not involved in the subject incident and Swift is an improper party to this action.

**(c)    The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:** None known at this time.

**(d)    The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.**

**6.    Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Rule 15, Federal Rules of Civil Procedure. (Fed. R. Civ. P. 15).  Further instructions regarding amendments are contained in Local Rule 15.

**(a)    List separately any amendments to the pleadings which the parties anticipate will be necessary:**

None.

**(b)    Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the preliminary planning report is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.**

**7.      Filing Times for Motions:**

**All motions should be filed as soon as possible.  The local rules set specific filing limits for some motions.  These times are restated below.**

**All other motions must be filed WITHIN THIRTY (30) DAYS after the preliminary planning report is filed or should have been filed, unless the filing party has obtained prior permission of the Court to file later.  Local Rule 7.1A(2).**

**(a)     *Motions to Compel*:  before the close of discovery or within the extension period allowed in some instances.  Local Rule 37.1.**

**(b)     *Summary Judgment Motions*:  within thirty (30) days after the close of discovery, unless otherwise permitted by Court order.  Local Rule 56.1.**

**(c)     *Other Limited Motions*:  Refer to Local Rules 7.2, 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.**

**(d)     *Motions Objecting to Expert Testimony*:  <u>Daubert</u> motions with regard to expert testimony shall be filed no later than the date that the proposed pretrial order is submitted.  Refer to Local Rule 7.2F.**

8. **Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed. R. Civ. P. 26(a)(1)(B).

No objections.

9. **Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

Not at this time.

10. **Discovery Period:**

**The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint. As stated in Local Rule 26.1A, responses to initiated discovery must be completed before expiration of the assigned discovery period.**

**Cases in this Court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-months discovery period, (b) four (4)-months discovery period, and (c) eight (8)-months discovery period. A chart showing the**

**assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.**

**Please state below the subjects on which discovery may be needed.**

The parties request that this case be assigned to an eight-month discovery track. Depending on the nature and extent of plaintiff's claimed injuries and damages, multiple use of expert witnesses (medical or otherwise) may be needed. Furthermore, due to the nature of the subject incident being a hit-and-run, additional time may be needed to ascertain the identities of all parties involved in the incident and determine who all is liable for Plaintiff's damages.

The facts of the incident, identity of the tractor-trailer owner and driver, business practices and policies and procedures of the entities that owned and operated the tractor-trailer and employed the driver, the hiring, training and supervision of the driver, and the nature and extent of Plaintiff's injuries.

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery, please state those reasons in detail below:**

The Parties request an eight-month discovery track due to the liability issues involved and out of state depositions which will need to take place.

**11.   Discovery Limitation:**

**(a)   What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?**

None other than the parties request that the case be placed on an eight-month discovery track.

**(b)   Is any party seeking discovery of electronically stored information?**

Yes.

**If "yes"**

**(1)   The parties have discussed the sources and scope of production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:**

Yes.

**(2)   The parties have discussed the format for the production of**

**electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion of metadata, and have agreed as follows:**

The format for the production of electronically stored information will be Portable Document Format (PDF).

**In the absence of agreement on issue regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.**

**12.   Other Orders:**

**What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?**

None at this time.

**13.   Settlement Potential:**

(a)   Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on June 14, 2023, and settlement discussions were had but determined to be premature at this time when the identity of the tractor-trailer driver is unknown.

**For Plaintiff**: Lead counsel (signature):    /s/ _Eric Funt____

**For Defendant WHV Transportation, LLC**: Lead counsel (signature): /s/ *Melissa C. Greene*

**For Defendant Swift Transportation**: Lead counsel (signature): */s/ Matthew P. Stone*  (Sheetal M. Brahmbhatt participated in the Rule 26 conference because Mr. Stone was not available on the date of the conference; he was, however, involved in the planning, strategy, and execution of the Rule 26 conference in this action).

**For Defendant Amerisure Insurance Co.**: Lead counsel (signature): /s/ Tim Peacock

**Other participants**: */s/ Sheetal M. Brahmbhatt*

(b)   All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

(___)    A possibility of settlement before discovery.

(___)    A possibility of settlement after discovery.

(___)    A possibility of settlement, but a conference with the Judge is needed.

(X)      No possibility of settlement.

(c)   Counsel (_) do or (X) do not intend to hold additional settlement conferences among themselves prior to the close of discovery.

(d) The following specific problems have created a hindrance to settlement of this case.

Investigation into the identity of the tractor-trailer driver and the liable party. Swift alleges its agent or employee was not involved in the subject incident and Swift is an improper party to this action.

**14.  Trial by Magistrate Judge:**

Note:  Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a) The parties (__) do consent to having this case tried before a magistrate judge of this Court.

(b) The parties (X) do not consent to having this case tried before a magistrate judge of this Court.

Respectfully submitted this 5th day of July, 2023.

/s/  *Eric Funt*
Eric Funt
Georgia Bar No. 588961
Darl Champion
Georgia Bar No. 910007

/s/ *Melissa C. Greene*
MELISSA C. GREENE
State Bar No. 580723
Amelia K. Ortiz
State Bar No.: 654052

| | |
|---|---|
| The Champion Firm<br>445 Franklin Gateway SE, Suite 100<br>Marietta, GA 30067<br>eric@thechampionfirm.com<br><br>Attorneys for Plaintiff<br><br><br>STONE KALFUS LLP<br><br>/s/ Sheetal M. Brahmbhatt<br>Matthew P. Stone<br>Georgia Bar No. 684513<br>Shawn N. Kalfus<br>Georgia Bar No. 406227<br>Sheetal M. Brahmbhatt<br>Georgia Bar No. 142065<br>Attorneys for Defendant Swift Transportation Co. of Arizona, LLC.<br><br>Stone Kalfus LLP<br>One Midtown Plaza<br>1360 Peachtree Street NE Suite 1250<br>Atlanta, GA 30309<br>(404) 736-2600 (telephone)<br>(877) 736-2601 (facsimile)<br>matt.stone@stonekalfus.com<br>shawn.kalfus@stonekalfus.com<br>sheetal.brahmbhatt@stonekalfus.com | Copeland, Stair, Valz & Lovell, LLP<br>One Ninety One Peachtree Tower<br>191 Peachtree Street, NE, Suite 3600<br>Atlanta, Georgia  30303<br>mgreene@csvl.law<br>aortiz@csvl.law<br>T: 404-522-8220<br>F: 404-523-2345<br><br>Attorneys for Defendant WHV Transportation, LLC<br><br><br>/s/ Tim Peacock<br><br>Janie E. Hagood<br>Ga. Bar No. 616570<br>Timothy J. Peacock<br>Ga. Bar No. 175870<br>Swift Currie McGhee & Hiers, LLP<br>1420 Peachtree Street NE<br>Suite 800<br>Atlanta, Georgia 30309<br>(404) 874-8800 Phone<br>(404) 888-6199 Fax<br>Email: janie.hagood@swiftcurrie.com<br>Email: tim.peacock@swiftcurrie.com |

*************

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TAUREAN STEPHENS )<br>)<br>        Plaintiff, )<br>)<br>vs. )<br>)<br>SWIFT TRANSPORTATION CO. OF )<br>ARIZONA, LLC A/K/A SWIFT )<br>TRANSPORTATION COMPANY, WHV )<br>TRANSPORTATION LLC, and JOHN DOE. )<br>)<br>        Defendants. ) | Civil Action<br>File No.:  1:22-CV-01403-JPB |

## **SCHEDULING ORDER**

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

The court assigns this case to an eight-month discovery track.  Discovery shall expire on February ___, 2024. _____

_____

_____

_____

IT IS SO ORDERED, this _____ day of _____, 2023.

_____

HON. J.P. BOULEE
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF GEORGIA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TAUREAN STEPHENS,<br><br>          Plaintiff,<br><br>vs.<br><br>SWIFT TRANSPORTATION CO. OF ARIZONA, LLC A/K/A SWIFT TRANSPORTATION COMPANY, and WHV TRANSPORTATION LLC,<br><br>          Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action<br>) File No.: 1:22-CV-01403-JPB<br>)<br>)<br>)<br>)<br>)<br>) |

## **CERTIFICATE OF COMPLIANCE**

The foregoing JOINT PRELIMINARY REPORT AND DISCOVERY PLAN is double spaced in 14 point Times New Roman font and complies with the type-volume limitation set forth in Local Rule 7.1.

    /s/ Eric B. Funt
ERIC B. FUNT, ESQ.
GA State Bar No.: 588961
eric@thechampionfirm.com