UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TAUREAN STEPHENS             )
)
      Plaintiff,           )
)
vs.                         )
)
WHV TRANSPORTATION LLC,   )
)
      Defendants.        )

Civil Action
File No.:  1:22-CV-01403-JPB

## SECOND AMENDED COMPLAINT FOR DAMAGES

Plaintiff Taurean Stephens files this Complaint against Defendants Swift

Transportation Co. of Arizona, LLC a/k/a Swift Transportation Company, WHV

Transportation LLC, and John Doe, and shows this Court as follows:

## PARTIES, JURISDICTION, AND VENUE

1.

Plaintiff Taurean Stephens is a resident of, citizen of, and is domiciled in

Fulton County, Georgia.

2.

Defendant  Swift  Transportation  Co.  of  Arizona,  LLC  a/k/a Swift

Transportation  Company  ("Swift")  is  a  Delaware  Foreign  Limited  Liability

Company with its principal place of business located at 2200 S. 75th Avenue,

- 1 -

Phoenix, Arizona, 85043. Accordingly, Swift is a citizen of Delaware and Arizona for jurisdictional purposes. Defendant Swift's registered agent for service of process is Corporate Creations Network Inc., 2985 Gordy Parkway, 1st Floor, Marietta, Georgia, 30066. When said agent is served with copies of the Summons and Complaint in this matter, Defendant Swift will be subject to the jurisdiction and venue of this Court.

3.

Defendant WHV Transportation LLC ("WHV Transportation") is an Ohio Limited Liability Company with its principal place of business located at 10921 Reed Hartman Hwy Suite 104A, Cincinnati, Ohio 45242. Accordingly, WHV Transportation is a citizen of Ohio for jurisdictional purposes. Defendant WHV Transportation's registered agent for service of process is Sanjar Anvarov, 10921 Reed Hartman Hwy Suite 104A, Cincinnati, Ohio 45242. When said agent is served with copies of the Summons and Complaint in this matter, Defendant WHV Transportation will be subject to the jurisdiction and venue of this Court. Defendant WHV Transportation has been properly served and consented to this Court's jurisdiction.

4.

Defendant John Doe is the unknown driver of the vehicle that rammed into

Plaintiff's vehicle causing him injuries. The citizenship of John Doe is unknown.

5.

There is complete diversity of citizenship between the Plaintiff (Georgia) and the Defendants, and the amount in controversy exceeds $75,000 exclusive of interest and costs, so this Court has subject matter jurisdiction over this case via diversity of citizenship jurisdiction under 28 U.S.C. § 1332(a)(1). The citizenship of John Doe is not considered for diversity purposes.

5.

Venue is proper pursuant to 28 U.S.C. § 1391.

## **FACTS**

6.

On November 30, 2021, at or around 6:42 p.m., Plaintiff Taurean Stephens was riding as a passenger in a dump truck traveling on I-285 southbound, north of Paces Ferry Road.

7.

At that same time, John Doe, an unidentified agent or employee of Defendant Swift and Defendant WHV, operated a Swift tractor-trailer that was owned and/or controlled by Defendant Swift for use on public highways.

8.

While Plaintiff was traveling in the second lane from the right shoulder, John Doe failed to maintain his lane, forcefully striking his tractor-trailer into the passenger side of the dump truck Plaintiff was riding in. Mr. Stephens suffered severe injuries as a result. Rather than stop and take responsibility for his actions, John Doe wantonly left the scene of the accident and continued traveling on I-285.

9.

Prior to and on November 30, 2021, Defendants Swift and WHV failed to exercise reasonable care for the safety of others who might be affected by its actions and allowed the negligent operation of the above-mentioned Swift tractor-trailer while both the vehicle and its driver were in violation of legally mandated minimum safety requirements and violated multiple Federal laws, Georgia laws, regulations, and rules of the road.

10.

On November 30, 2021, said violations caused the dump truck Plaintiff was riding in to be forcefully struck by John Doe driving Defendant Swift's tractor-trailer. The negligent operation of Defendant Swift's vehicle proximately caused serious injuries to Plaintiff.

11.

At all times relevant hereto, Defendants Swift and WHV were negligently supervising the operation of the Swift truck, which resulted in the above-described incident and proximately caused serious injuries to Plaintiff.

12.

Defendants Swift and WHV are liable under the doctrine of respondeat superior for the harm caused to Plaintiff by the wrongful acts of their employee and agent, who was acting in the scope and course of his employment and agency with Defendants Swift and WHV during the actual transaction of their business when he caused the subject incident, proximately causing Plaintiff to suffer injuries, general damages, and special damages.

13.

Defendants Swift and WHV are liable to Plaintiff because they negligently entrusted the tractor-trailer to their agent and employee even though he was not properly suited to drive the vehicle, proximately causing injuries to Plaintiff, and because Defendants Swift and WHV failed to properly hire, train, retain, and supervise their employee so that he would not cause harm to persons such as Plaintiff, proximately causing injuries and damages to Plaintiff.

14.

Defendants Swift and WHV are negligent *per se* because (1) their acts and/or the acts of their employee and agents were in violation of Federal laws and regulations and Georgia laws and regulations regarding the use and operation of motor vehicles and commercial motor vehicles, (2) the laws were designed to prevent the type of collision and injuries involved in the subject litigation, (3) Plaintiff is a member of the class intended to be protected by said laws, and (4) the violation of said laws proximately caused Plaintiff's injuries.

15.

Defendants Swift and WHV knew or should have known that operating the tractor-trailer on a Georgia State Highway while the driver was not properly suited to operate it would result in harm to the individuals who would be affected by the operation of said vehicle.

16.

Defendants Swift and WHV knew or should have known that their failure to properly hire, train, retain, and supervise their employees and agents so that they would not cause harm to persons such as Plaintiff would result in harm to individuals who would be affected by said employees, yet Defendants Swift and WHV still failed to properly hire, train, retain, and supervise its employees and agents, including, but not limited to, John Doe.

17.

At all times relevant hereto, Defendants Swift and WHV were operating the subject tractor- trailer as a motor carrier pursuant to O.C.G.A. § 40-1-50 and 40-1-100 et seq., as well as other applicable laws.

**INJURIES AND DAMAGES**

18.

As a result of Defendants' negligence and negligence *per se*, Plaintiff sustained personal injuries, special damages, and general damages for which Plaintiff is entitled to be compensated by Defendants.

19.

As a direct and proximate result of Defendants' negligence and negligence *per se*, Plaintiff has incurred medical expenses in excess of $43,000, the exact amount to be proven at trial.

20.

As a direct and proximate result of Defendants' negligence and negligence *per se*, Plaintiff has incurred lost wages in excess of $10,000, the exact amount to be proven at trial.

21.

As a result of said injuries, Plaintiff has sustained long-term and potentially

permanent impairment, disability, and disfigurement.

22.

As a direct and proximate result of Defendants' negligence and negligence *per se*, Plaintiff will continue to suffer both general and special damages in the future, including expenses for future medical treatment, the exact amount to be proven at trial.

23.

John Doe has acted in bad faith, been stubbornly litigious, and has caused Plaintiff unnecessary trouble and expense by fleeing the scene of an accident he caused and forcing Plaintiff to resort to the use of the court system in order to resolve Plaintiff's claims when there is no bona fide controversy. Accordingly, Plaintiff seeks attorney's fees and expenses of litigation pursuant to O.C.G.A. § 13-6-11.

24.

There is clear and convincing evidence that Defendant John Doe acted with such willful, wanton, conscious, and reckless indifference, which demonstrated an entire wanton of care for property and the safety and well-being of victims like Plaintiff and others so as to evidence a conscious indifference to the consequences of its acts, which included an extreme degree of risk. These actions demand and

warrant an award of punitive damages against Defendant John Doe that will punish it for the harm it has caused and that will deter it from similar future misconduct.

### PRAYER FOR RELIEF

25.

Plaintiff prays for the following relief:

(a) That Plaintiff recovers all legally compensable damages, well in excess of $75,000.00, that were inflicted by Defendants, which Plaintiff suffered in the past and will continue to suffer in the future, including but not limited to, compensation for physical pain, emotional distress, mental anguish, disfigurement, physical impairment, lost wages, lost earning capacity, pecuniary loss, loss of companionship and society, medical expenses, property damage, and any additional damages;

(b) That punitive damages be awarded in an amount sufficient to punish Defendants for the harm caused by their dangerous conduct, and to deter them from similar future misconduct;

(c) That Plaintiff recovers pre-judgment and post-judgment interest as allowed by applicable law;

(d) That Plaintiff recovers Plaintiff's costs of suit;

(e) That Defendants pay Plaintiff's attorneys' fees and expenses of litigation;

(f) That Plaintiff has a trial by jury; and

(g) For such other and further relief as the Court deems just and proper.

Respectfully submitted this 23rd day of March, 2023.

*/s/ Eric B. Funt*
Eric B. Funt
Georgia Bar No. 588961

*Counsel for Plaintiff*

**THE CHAMPION FIRM**
445 Franklin Gateway, SE
Suite 100
Marietta, GA 30067
Phone: 404-596-8044
Fax: 404-671-9347
eric@thechampionfirm.com

---

## **CERTIFICATION**

The undersigned counsel hereby certifies that this pleading complies with the Local Rules of this Court, including Local Rules 5.1.C and 7.1.D (N.D. Ga.).

/s/ *Eric B. Funt*

_____

Eric B. Funt
Georgia Bar No.
Darl H. Champion, Jr.
Georgia Bar No.

*Counsel for Taurean Stephens*