IN THE UNITED STATE DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TAUREAN STEPHENS,<br><br>　　　　Plaintiff,<br><br>v.<br><br>SWIFT TRANSPORTATION CO. OF ARIZONA, LLC A/K/A SWIFT TRANSPORTATION COMPANY, and WHV TRANSPORTATION LLC,<br><br>　　　　Defendants. | Civil Action<br>File No.: 1:22-CV-01403-JPB |

**<u>DEFENDANT WHV TRANSPORTATION, LLC'S BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT</u>**

COMES NOW Defendant WHV Transportation, LLC (hereinafter, "WHV"), by and through counsel, pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56.1, and hereby submits this Brief in Support of its Motion for Summary Judgment, showing the Court as follows:

I.   <u>**INTRODUCTION**</u>

This case involves a hit-and-run accident between a tractor pulling a trailer bearing the name "Swift", and a dump truck which Plaintiff was riding in as a passenger. When the tractor-trailer struck the dump truck, it continued down the road, never stopping. When Swift investigated the accident, it contacted Sonya Nussbaum, who purports to work with Amazon. WHV is named as a Defendant in

1

this matter because of the allegations contained in one email written by Ms. Nussbaum.  Swift provided Ms. Nussbaum with a trailer number: 130264. In the email, Ms. Nussbaum wrote that "I contacted the facility, and was notified that WHV Transportation LLC pulled the trailer out with tractor 2808143." [Exhibit C, Email]. To-date, no one has been able to determine who Ms. Nussbaum contacted at the facility, nor who notified her that an alleged WHV trailer pulled out the subject trailer. Ms. Nussbaum has never been deposed nor provided any sworn statements in this matter. Despite this, Plaintiff named WHV as a defendant in this lawsuit solely based upon this email.  Ms. Nussbaum's email constitutes inadmissible hearsay and cannot be used as evidence against WHV in any way.

As this inadmissible email is the only evidence allegedly implicating WHV in this hit-and-run, Plaintiff cannot meet his burden of proving WHV did anything negligent in connection with this hit-and-run. For these reasons, WHV is entitled to summary judgment on all claims contained in Plaintiff's Complaint.

II.     **STATEMENT OF MATERIAL FACTS**

On or about November 30, 2021, at 6:42 PM, Plaintiff claims that he was a passenger in a dump truck traveling on I-285 southbound, when the dump truck was struck by a tractor-trailer. [Exhibit A, Complaint, ¶ 6-8]. The operator of the tractor-trailer did not stop, leaving the scene of the accident. [Exhibit A, ¶ 8].  In his deposition, Plaintiff testified he wrote down the tractor-trailer's identifying

information off the side of the truck. [Exhibit D, Plaintiff's Deposition, p. 77: 1-16]. Below is the note produced by Plaintiff, showing the information he took down on a cellphone note. [Exhibit B, Plaintiff's cellphone note].



[Exhibit B].

Plaintiff described the person driving the tractor-trailer in his deposition as a "Hispanic guy… with a low cut, like a bald head." [Exhibit D, P. 80: 10-11]. Plaintiff did not present any evidence in his deposition that this unidentified driver was working for WHV or that WHV is liable in any way for the accident. [Exhibit D, *generally*].

Hannah Osborne with Swift Transportation investigated the accident. [Exhibit C]. On March 8, 2022, Ms. Osborne sent an email to Sonya Nussbaum, who had an Amazon email address, with the subject line: "Trailer 130264". Id. Below is a snapshot of that email.



Id. On that same date, Ms. Nussbaum responded back to Ms. Osborne asking for additional information so she can find the accident file. Id. Below is her email response.

4

> **From:** Nussbaum, Sonya <snnussba@amazon.com>
> **Sent:** Tuesday, March 8, 2022 11:39 AM
> **To:** Hannah Osborne
> **Cc:** Thomas Repko
> **Subject:** RE: Trailer 130264
>
> [External Email] Think before you click. This email originated from outside of the company. Review the sender's email address and any clickable links. Validate any requests or attachments before proceeding. If in doubt contact the Helpdesk.
>
> Hello! I apologize that you have had difficulty getting information to date. I do not have access to cases, could you pass along any information you have so that I can find the accident file?

*Id.* Ms. Osborne provided some additional information regarding the load information, as shown in the below email.

> **From:** Hannah Osborne
> **Sent:** Tuesday, March 8, 2022 3:16 PM
> **To:** Nussbaum, Sonya <snnussba@amazon.com>
> **Cc:** Thomas Repko
> **Subject:** RE: [EXTERNAL] Trailer 130264
>
> CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you can confirm the sender and know the content is safe.
>
> It came in on a load from MEM6 VRID 112B6NRNZ, do they keep track of the license plate of the carrier that checked out the trailers? The SCAC associated with the plate and trailer number is accurate for the trailer but not the carrier that took the trailer out.
>
> Hannah Osborne | Swift Transportation

*Id.* Ms. Nussbaum responded to Ms. Osborne, providing the below statement.

> **From:** Nussbaum, Sonya <snnussba@amazon.com>
> **Sent:** Tuesday, March 8, 2022 2:05 PM
> **To:** Hannah Osborne
> **Cc:** Thomas Repko
> **Subject:** RE: Trailer 130264
>
> [External Email] Think before you click. This email originated from outside of the company. Review the sender's email address and any clickable links. Validate any requests or attachments before proceeding. If in doubt contact the Helpdesk.
>
> Good afternoon;
> I contacted the facility, and was notified that WHV Transportation LLC pulled the trailer out with tractor 2808143. USDOT Number 3291436, SCAC is AGHPR.
> I hope this helps. Let me know if you need any further information.

*Id.*

5

It is undisputed that no one knows who Ms. Nussbaum contacted at the MGE5 Amazon facility. [Exhibit E, Swift 30(b)(6) depo, p. 78:24-25, p. 79,1-4]. It is also undisputed that no one knows who notified Ms. Nussbaum that WHV Transportation LLC pulled the trailer out with tractor 2808143. [Exhibit E, p.79:22-25, p. 80:1-3:]. Swift's corporate representative testified that Swift did not independently verify the information Ms. Nussbaum provided. [Exhibit E p.79: p.5-14]. Thus, Ms. Nussbaum's email constitutes inadmissible hearsay.

Swift's corporate representative testified that it had no records of WHV ever hauling any loads for Amazon or taking any trailers from the MGE5 Amazon facility other than the email from Ms. Nussbaum. [Exhibit E, p. 84:1-5, p.84:6-25]. Swift's corporate representative also testified that Swift has no records of WHV ever pulling the at-issue trailer. [Exhibit E, p.85: 1-18]. Swift's corporate representative further testified that, "Outside of the e-mail communication from Amazon, no, we don't [have] information in our system indicating who pulled that trailer from MGE5 at that time." [Exhibit E, p. 84: 23-25]. Plaintiff has never produced any records or other evidence outside the email from Ms. Nussbaum, that WHV ever pulled the subject trailer, or ever pulled a load from the at-issue MGE5 facility.

Based on this email, Plaintiff sued WHV in the present lawsuit. [Exhibit A, ¶7; ¶13, ¶14, ¶15, ¶16, ¶17; Exhibit F, Plaintiff's Response to Defendant WHV Interrogatories ¶25, ¶26]. Ms. Nussbaum's email is the only reason why Plaintiff

6

and Swift contend WHV is at-fault in this action. [Exhibit E, p. 84:19-25; Exhibit F, ¶24, ¶ 25].

Ms. Nussbaum's email constitutes inadmissible hearsay. Because Plaintiff's only evidence of WHV's involvement in the hit-and-run accident constitutes inadmissible hearsay, WHV is entitled to summary judgment.

### III. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if the moving party establishes that there is no genuine issue of material fact for trial, construing all reasonable inferences in favor of the party opposing the motion, and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *see also* Celotex Corp. v. Catrett, 477 U.S. 317 (1986).

Once the moving party shows that there is an absence of evidence to support the non-moving party's case, the burden then shifts to the non-moving party to come forward with evidence raising a triable issue of fact. Celotex, 477 U.S. at 324. To meet this burden, the non-moving party must set forth "specific facts" showing there is a genuine issue for trial. Fed. R. Civ. P. 56(e); Valdivieso v. Atlas Air, Inc., 305 F.3d 1283, 1284 (11th Cir. 2002); Rice-Lamar v. City of Ft. Lauderdale, Fla., 232 F.3d 836, 840 (11th Cir. 2000). "If the non-moving party fails to "make a sufficient showing on an essential element of her case with respect to which she has the burden of proof," then the court must enter summary judgment for the moving party." Rice-Lamar, 232 F.3d at 840.

With this standard in mind, it is readily apparent that WHV is entitled to judgment as a matter of law as to all of Plaintiff's claims.

## IV.   APPLICABLE LAW

"In diversity cases, federal courts must apply federal procedural rules, but substantive state law." Fin. Fed. Credit Inc. v. Boss Transp., Inc., 456 F. Supp. 2d 1367, 1372 (M.D. Ga. 2006) (*citing* Erie R. Co. v. Tompkins, 304 U.S. 64 (1938). Because this is a diversity case, Georgia substantive law applies.

## V.   ARGUMENT AND CITATION OF AUTHORITY

### *a) Plaintiff's failure to present any admissible evidence that WHV is liable in any way for Plaintiff's claims entitles WHV to summary judgment.*

"Summary judgment may be granted on the basis that a party bearing the burden of proof has no evidence to support an essential element of her case." *Little v. Jim-Lar Corp.*, 352 Ga. App. 764 (2019). Instead, Plaintiff has presented merely hearsay evidence in the form of an email from Sonya Nussbaum. [Exhibit C]. "All hearsay evidence, unsupported conclusions, and the like, must be stricken or eliminated from consideration in a motion for summary judgment." *See* Little v. Jim-Lar Corp., at 767 *citing* Goodhart v. Atlanta Gas Light Co., 349 Ga. App. 65, 72 (2019). Here, Plaintiff has presented no evidence which creates a genuine issue of material fact as to whether WHV has any negligence or liability in relation to this

action.                                                                                                                                          Thus,

WHV is entitled to summary judgment on all of Plaintiff's claims.

## CONCLUSION

Based upon the within and foregoing, WHV is entitled to summary judgment on all claims contained in Plaintiff's Complaint and WHV respectfully requests this Court grant its Motion for Summary Judgment.

This 11th day of December, 2023.

|  |  |
|---|---|
|  | By:  /s/ Melissa C. Greene |
|  | MELISSA C. GREENE |
|  | State Bar No. 580723 |
| Copeland, Stair, Valz & Lovell, LLP | SHARON R. OPILA |
| 191 Peachtree Street, N.E. | State Bar No.: 631777 |
| Suite 3600 |  |
| Atlanta, Georgia 30303-1740 | *Attorneys for Defendant WHV* |
| 404-522-8220 | *Transportation, LLC* |
| .......... |  |
| P.O. Box 56887 |  |
| Atlanta, Georgia 30343-0887 |  |
| mgreene@csvl.law |  |
| sopila@csvl.law |  |

9

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| TAUREAN STEPHENS, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) ) Civil Action File No.: 1:22-CV-01403-JPB |
| SWIFT TRANSPORTATION CO. OF ARIZONA, LLC A/K/A SWIFT TRANSPORTATION COMPANY, and WHV TRANSPORTATION LLC, | ) ) ) ) ) |
| Defendants. | ) |

## **CERTIFICATE OF COMPLIANCE**

Defendant WHV's counsel hereby certifies that the foregoing has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1(B): Times New Roman (14 point).

This 11th day of December, 2023.

|  |  |
|---|---|
|  | By: */s/ Melissa C. Greene* |
|  | MELISSA C. GREENE |
|  | State Bar No. 580723 |
| Copeland, Stair, Valz & Lovell, LLP | SHARON R. OPILA |
| 191 Peachtree Street, N.E. | State Bar No.: 631777 |
| Suite 3600 |  |
| Atlanta, Georgia 30303-1740 | *Attorneys for Defendant WHV* |
| 404-522-8220 | *Transportation, LLC* |

..........

P.O. Box 56887
Atlanta, Georgia 30343-0887
mgreene@csvl.law
sopila@csvl.law

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| TAUREAN STEPHENS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action File No.: 1:22-CV- |
| SWIFT TRANSPORTATION CO. OF | ) 01403-JPB |
| ARIZONA, LLC A/K/A SWIFT | ) |
| TRANSPORTATION COMPANY, and | ) |
| WHV TRANSPORTATION LLC, | ) |
| | ) |
| Defendants . | ) |

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day served a copy of the within and foregoing upon all parties to this matter via electronic service, addressed to counsel of record as follows:

James Z. Foster
Foster Law, LLC
1201 West Peachtree St, NW
Suite 2300
Atlanta, GA 30309
james@foster-law.com

Eric Funt
Daryl Champion
The Champion Firm
445 Franklin Gateway SE, Suite 100
Marietta, GA 30067
eric@thechampionfirm.com

Matthew P. Stone
Shawn N. Kalfus

12

Sheetal M. Brahmbhatt
Stone Kalfus LLP
One Midtown Plaza
1360 Peachtree Street NE, Suite 1250
Atlanta, GA 30309
matt.stone@stonekalfus.com
shawn.kalfus@stonekalfus.com
sheetal.brahmbhatt@stonekalfus.com

This 11th day of December, 2023.

|  |  |
|---|---|
| Copeland, Stair, Valz & Lovell, LLP<br>191 Peachtree Street, N.E.<br>Suite 3600<br>Atlanta, Georgia 30303-1740<br>404-522-8220<br>..........<br>P.O. Box 56887<br>Atlanta, Georgia 30343-0887<br>mgreene@csvl.law<br>sopila@csvl.law | By: /s/ Melissa C. Greene<br>MELISSA C. GREENE<br>State Bar No. 580723<br>SHARON R. OPILA<br>State Bar No.: 631777<br><br>*Attorneys for Defendant WHV Transportation, LLC* |