UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TAUREAN STEPHENS,<br><br>Plaintiff,<br>v.<br><br>SWIFT TRANSPORTATION<br>CO. OF ARIZONA, LLC, et al.,<br><br>Defendants. | CIVIL ACTION NO.<br>1:22-CV-01403-JPB |

## ORDER

This matter is before the Court on WHV Transportation, LLC's ("WHV") Motion for Summary Judgment [Doc. 121] and Swift Transportation Company of Arizona, LLC's ("Swift") Motion for Summary Judgment [Doc. 122]. This Court finds as follows:

## PROCEDURAL HISTORY

This lawsuit arises from a hit and run accident that occurred on November 30, 2021. On April 11, 2022, Taurean Stephens ("Plaintiff") filed this action against Swift. [Doc. 1]. On July 28, 2022, Plaintiff filed a First Amended Complaint against both Swift and WHV (collectively, "Defendants"). [Doc. 21]. With permission of the Court, on March 24, 2023, Plaintiff filed a Second Amended Complaint against Defendants seeking to recover damages for injuries

that he sustained in the hit and run.  [Doc. 50].  In addition to Defendants, Plaintiff served Amerisure Insurance Company ("Amerisure") as an unnamed defendant under the theory that Defendants are uninsured or underinsured motorists under O.C.G.A. § 33-7-11.

Discovery in this matter closed on November 9, 2023.  Thereafter, on December 11, 2023, WHV filed a Motion for Summary Judgment.  [Doc. 121].  The same day, Swift also filed a Motion for Summary Judgment.  [Doc. 122].  While Amerisure filed oppositions to both motions, Plaintiff did not.  Both motions are ripe for review.

## BACKGROUND

The Court derives the facts of this case from WHV's Statement of Material Facts [Doc. 121-4], Amerisure's Response to Statement of Material Facts [Doc. 133], Swift's Statement of Material Facts [Doc. 122-8], WHV's Response to Statement of Material Facts [Doc. 129-1] and Amerisure's Response to Statement of Material Facts [Doc. 135].

As an initial matter, the Court notes that portions of WHV's Statement of Material Facts do not comply with the Local Rules.  The Local Rules state that the Court will not consider any fact that is "(a) not supported by a citation to evidence (including page or paragraph number); (b) supported by a citation to a pleading

rather than to evidence; [or] (c) stated as an issue or legal conclusion." LR 56.1(B)(1), NDGa.  Here, some of WHV's facts are supported only by a pleading, are legal conclusions or cite to a deposition generally.  In accordance with the Local Rules, this Court will not consider unsupported facts or facts couched as conclusions.

The Court also notes that both WHV and Amerisure's Responses to Swift's Statement of Material Facts fail to comply with the Local Rules.  The Local Rules of this Court require a respondent to a summary judgment motion to include with his responsive brief "a response to the movant's statement of undisputed facts." LR 56.1(B)(2)(a), NDGa.  The Local Rules state that the Court

> will deem each of the movant's facts as admitted unless the respondent:  (i) directly refutes the movant's fact with concise responses supported by specific citations to evidence (including page or paragraph number); (ii) states a valid objection to the admissibility of the movant's fact; or (iii) points out that the movant's citation does not support the movant's fact or that the movant's fact is not material or otherwise has failed to comply with the provisions set out in LR 56.1(B)(1).

LR 56.1(B)(2)(a)(2), NDGa.  Here, in response to some of Swift's facts, WHV responded that it has "conducted a reasonable inquiry into this matter and the information known or readily obtainable by it is insufficient for it to admit or deny

3

this statement." [Doc. 129-1, p. 2].  Similarly, Amerisure[1] stated that it "has conducted a reasonable inquiry and is unable to admit or deny these allegations." [Doc. 135, p. 4].  Because neither WHV nor Amerisure directly refuted those specific facts, stated a valid objection to the facts or pointed out that the facts are not material, the Court deems those facts admitted.  Consequently, for the purpose of adjudicating the instant motion, the facts of this case are as follows:

On November 29, 2021, a Swift driver pulling a Swift trailer (SWFZ 130264) delivered a load to the Amazon facility located in or near Jefferson, Georgia.  [Doc. 122-8, p. 2].  After delivering the load, the Swift driver unhooked the Swift trailer and departed the Amazon facility with a different, empty trailer.  Id. at 3.

On November 30, 2021, the day after the Swift driver delivered the trailer, the Swift trailer was involved in an accident.  Indeed, Plaintiff was a passenger in a

---

[1] Amerisure also did not comply with the Local Rules in a critical respect.  In its Response to Swift's Motion for Summary Judgment, Amerisure sets forth numerous facts that are included only in the brief and not in a separate Statement of Additional Material Facts.  The Local Rules provide that a respondent to a summary judgment motion shall include with its response brief "[a] statement of additional facts which the respondent contends are material and present a genuine issue for trial.  Such separate statement of material facts must meet the requirements set out in LR 56.1(B)(1)."  LR 56.1(B)(2)(b), NDGa.  The facts provided by Amerisure do not comply with the requirements of Local Rule 56.1(B)(1) because they are not provided in a separate document and are not numbered.  These facts will thus not be considered.

vehicle when a tractor-trailer driven by an unknown person struck his vehicle and failed to stop.  Id. at 1.  During the accident, Plaintiff observed information on both the subject tractor and trailer.  As to the tractor specifically, Plaintiff noted the tractor number (2808143), the United States Department of Transportation number (3291416) and the Standard Carrier Alpha Code (AGHPR).[2]  Id. at 2.  Particularly relevant here, it is undisputed that the United States Department of Transportation number, which was on the tractor, belonged to WHV.  Id.  For the trailer, Plaintiff noted the trailer number (SWFZ 130264) and the license plate number (P319212).  Id.  While this is the same Swift trailer that was delivered to the Amazon facility on November 29, 2021, it is undisputed that neither a Swift driver nor a Swift tractor was involved in the accident on November 30, 2021.  Id. at 3.  It is also undisputed that Swift did not know, authorize or approve WHV (or anyone else) to pull the trailer from the Amazon facility on November 30, 2021.  Id. at 4.

After learning about the incident, Swift conducted its own investigation of the accident.  [Doc. 133, p. 4].  As part of that investigation, Hannah Osborne, a Swift employee, sent an email to Sonya Nussbaum, an Amazon employee, to

---

[2] WHV disputes that Plaintiff wrote down the USDOT number or had personal knowledge of the USDOT number.  Plaintiff, however, stated in his interrogatories that he wrote down the USDOT number from the truck.  [Doc. 122-2, p. 18].  Whether he wrote down the number or not is a jury issue.

5

inquire about who took the Swift trailer from the Amazon facility on the day in question.  Id.  Replying through email, Nussbaum told Osborne that she "contacted the facility, and was notified that WHV Transportation LLC pulled the trailer out with tractor 2808143" on November 30, 2021.  Id. at 6; [Doc. 122-8, p. 4].

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 56(a), a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  A material fact is any fact that "is a legal element of the claim under the applicable substantive law which might affect the outcome of the case."  Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997).  A genuine dispute exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  Ultimately, "[t]he basic issue before the court on a motion for summary judgment is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'"  Allen, 121 F.3d at 646 (citation omitted).

The party moving for summary judgment bears the initial burden of showing that no genuine issue exists as to any material fact, "and in deciding whether the

movant has met this burden the court must view the movant's evidence and all factual inferences arising from it in the light most favorable to the nonmoving party." Id.  After the movant satisfies this initial burden, the nonmovant bears the burden of showing specific facts that indicate summary judgment is improper because a material issue of fact does exist.  Id.  However, "[a] mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party."  Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990) (citation omitted).  If the record taken as a whole cannot lead "a rational trier of fact to find for the non-moving party, there is 'no genuine issue for trial.'"  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted).

## DISCUSSION

Two summary judgment motions are pending in this case.  The Court will address WHV's Motion for Summary Judgment first.

### I. WHV's Motion for Summary Judgment

WHV contends that it is entitled to summary judgment because the only evidence against it—the email written by Nussbaum (an Amazon employee) to Osborne indicating that WHV pulled out the trailer—constitutes inadmissible

hearsay[3] that cannot be considered when deciding the instant motion. Specifically, WHV argues that the email cannot be considered because the person that Nussbaum contacted at the Amazon facility is unknown or has otherwise not been identified. In contrast, Amerisure argues that the email should be considered because "it remains possible that the declarant will be called to testify at trial" and "Nussbaum likely knows who she contacted" at the Amazon facility. [Doc. 132, p. 5]; [Doc. 133, p. 7].

The Court need not decide whether it can consider the email in deciding the instant motion because Plaintiff is not without other evidence to support his claim. Specifically, the record contains evidence that Plaintiff observed the United States Department of Transportation number on the side of the tractor. Evidence also exists that the number belongs to WHV, which ties WHV to the accident. Because Plaintiff is not without other evidence to support his claim, WHV's Motion for Summary Judgment [Doc. 121] is **DENIED**.

---

[3] The email drafted by Nussbaum and sent to Osborne is undoubtedly hearsay to the extent that it is used to prove the truth of the matter asserted—i.e., that WHV pulled out the trailer. It is hearsay because Nussbaum is conveying to Osborne facts that she learned from someone else at the Amazon facility.

II.   **Swift's Motion for Summary Judgment**

Swift argues that it is entitled to summary judgment because Plaintiff has not, and cannot, come forward with evidence showing that a Swift driver or Swift tractor was involved in the subject accident. The Court agrees.

As a general rule, "[t]o recover damages based upon a defendant's negligence, a plaintiff must show that the defendant's acts or omissions proximately caused the injury." Biddy v. City of Cartersville, 638 S.E.2d 874, 876 (Ga. Ct. App. 2006). Importantly, "Georgia law is abundantly clear that the mere presence of lettering or a logo on the side of a vehicle, without more, is insufficient to establish liability." Id.

This Court acknowledges that Swift's trailer was involved in the accident in this case. Swift, however, presented undisputed evidence that neither a Swift driver nor a Swift tractor was involved in the accident.[4] Swift also presented uncontroverted evidence that it did not know, authorize or approve of anyone pulling the subject trailer from the Amazon facility on November 30, 2021. Because Plaintiff failed to show that Swift had any involvement with the accident

---

[4] Swift presented deposition testimony to support this assertion that it was not involved in the accident. In response, both WHV and Amerisure stated that a reasonable inquiry was conducted, and the fact could not be admitted or denied. The fact was thus deemed admitted pursuant to the Local Rules.

9

at issue or that his alleged injuries were caused by an act or omission of Swift, Swift's Motion for Summary Judgment [Doc. 122] is **GRANTED**.[5]

## CONCLUSION

For the foregoing reasons, this Court **DENIES** WHV's Motion for Summary Judgment [Doc. 121] and **GRANTS** Swift's Motion for Summary Judgment [Doc. 122].

The remaining parties are **HEREBY ORDERED** to file the Consolidated Pretrial Order required by Local Rule 16.4 within twenty-one days of entry of this Order. The parties are notified that a failure to comply with this Order may result in sanctions, including dismissal of the case or entry of default judgment. In the event that a Consolidated Pretrial Order is not filed, the Clerk is **DIRECTED** to submit the case at the expiration of the twenty-one-day period.

---

[5] While Amerisure admits that "a jury may well accept Swift's explanation that it only owned the trailer, and through no fault of Swift's, someone hooked it up to a truck and pulled it to a different part of the country without Swift's knowledge or permission," Amerisure argues that "one of two things plausibly happened in this case." [Doc. 134, p. 8–9]. "One possibility is that Swift continued to contract with an operator after knowing that operator hauled Swift's equipment around impermissibly, indifferent to the consequences of failing to safeguard its own equipment." Id. at 8. "The other possibility is that the relationship between Swift and WHV pertaining to the subject trailer . . . was in reality a joint venture wherein Swift was not compelled to 'authorize' WHV to do anything." Id. These possibilities offered by Amerisure are pure speculation and unsupported by the evidence. As stated previously in this order, Amerisure did not submit a Statement of Material Facts to be considered by the Court.

If the parties would like a stay of this deadline to allow them to conduct mediation, they may file a motion to that effect. The parties are reminded that the Court can refer this case to mediation before a Magistrate Judge at no cost. If the parties would like such a referral, they may make such a request in the motion.

**SO ORDERED** this 1st day of August, 2024.

_____
J. P. BOULEE
United States District Judge